**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dine' Communities for Equality in Education, Inc., et al., ) ) ) Plaintiffs, ) ) vs. ) ) Page Unified School District No. 8, Coconino County, et al., ) ) ) Defendants. ) ) | No. CV-05-3643-PCT-PGR ORDER |

The parties, pursuant to their written reports filed on August 31, 2006 (docs. #54 and #55), have provided the Court with their agreement settling this class action. The settlement agreement provides in part that the Court shall determine whether the terms of the agreement are "fair, reasonable and adequate" and that the agreement will be null and void if the Court determines that the agreement is not fair, reasonable and adequate. The Court presumes that the parties included this provision based on the Court's mistaken belief in its order entered on August 15, 2006 that the Court had to approve the parties' settlement. But as the defendants correctly point out in their report, Fed.R.Civ.P. 23(e)(1), as amended, no longer requires court approval of a settlement of a class action if the settlement occurs, as

here, prior to the time a class is certified. That being the case, the Court sees no reason why it should expend scarce judicial resources determining whether the terms of the settlement are fair, reasonable and adequate.[1] Since the named parties have agreed upon the terms for resolving their differences and no class of plaintiffs has been certified, the usual procedure would be for the parties to file a stipulated dismissal of this action pursuant to Fed.R.Civ.P. 41(a)(1)(ii).

Furthermore, even if the Court were to undertake the burden of resolving the reasonableness of the settlement, the parties have not provided the Court with any sufficient basis on which to make the necessary determination. To do so, the parties would have to expend additional resources briefing the reasonableness issue, which would include submitting proposed findings of fact and conclusions of law, and participating in a reasonableness hearing after notice to potential class members.

In order to resolve this procedural issue, the Court will require the parties to file a supplemental joint report with the Court setting forth whether they can settle this action through a stipulated dismissal or whether their settlement hinges on the Court's approval of it.[2] If the latter, the parties shall set forth a detailed proposed plan and schedule for accomplishing that approval. Therefore,

///

---

[1] The settlement agreement also provides that the Court will retain jurisdiction solely for the purpose of resolving any application for attorneys' fees filed by the plaintiffs. While the Court does not understand why the parties cannot resolve this issue without judicial intervention as is normally done in a settlement agreement, the Court is willing to resolve the issue if absolutely necessary to the effectuation of the settlement. The Court is not willing, however, to automatically set an evidentiary hearing on any attorneys' fees request as set forth by the defendants in their proposed form of order.

[2] The parties may, of course, file a stipulated dismissal of this action pursuant to Fed.R.Civ.P. 41(a)(1)(ii) at any time prior to the deadline for filing their supplemental joint report.

1  IT IS ORDERED that the parties shall file a supplemental joint settlement
2  status report in accordance with the terms of this Order no later than **November 30,**
3  **2006.**

4  DATED this 20th day of October, 2006.

Paul G. Rosenblatt
United States District Judge